IN THE UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JACINTO O. MORALES<br>Petitioner, | § | |
| vs. | § | CRIMINAL NO: 91-00118 |
| UNITED STATES OF AMERICA<br>Respondent, | § | |

THIS IS A MOTION PURSUANT TO 28 U.S.C. §2255

TO VACATE,SET ASIDE,OR CORRECT SENTENCE

**COMES NOW,** Petitioner, Jacinto O. Morales, acting pro se moves this Honorable Court to vacate, Set Aside, or correct sentence as provided thereby 28 USC §2255, as followes:

> "A prisoner in custody under sentnece of a court established by act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without Jurisdiction to impose such sentence, or that the sentence was inexcess of the maximum authorized by law, or otherwise subject to collateral attack, may move the Court which imposed the Sentence to vacate, set aside or correct the sentence."

Petitioner further asserts herewith that the One-Year period of limitation has been met thereof under 28 USC §2255 ¶6, under the authority of the United States Supreme Court in Davis v.U.S.A., 417 U.S. 333, 41 L.Ed 2d 109 (1974), is applicable hereto this instant case due to the intervening change in law therewith, Apprendi, vs. New Jersey, 530 U.S. 466(2000); Blakely v. Washington, 542 US. 124 S.Ct 2351 (2004); and now with United States v. Booker, 125 S.Ct 738 (2005) therefore warrants relief from the imposed enhancements of petitioner's sentence. See also Hill v. Alaska, 297 F3d 895 (9th Cir.2002) ( subsequent habeas petitions should not be barred as " Second or Successive" if it raises only claims that could not have been raised in the initial petition); Crouch v. Norris, 252 F3d 720 (8th Cir. 2001)( subsequent §2254 petition that raised parole challanges that could not have been brought in the first petition was not (" Second or Successive"). See In Re Caby, 4th Cir No.04-227 November 15,2005. also see Dodd v. United States, 545 U.S. 162 L.Ed 2d 343.

## PROCEDURAL HISTORY

On December 3,1991, the Grand Jury for the District of Rhode Island returned a four-count Indictment charging the Petitioner, with Possession with intent ti distribute Cocaine (Count I &II), in violation of 21 U.S.C.§841 (a)(1), and Possession of a firearm by convicted felon (Count III), in violation of 18 USC §922(g)(1).

On March 30,1992 petitioner was found guilty by jury on Count I, II, and III.

On June 2,1992 petitioner was sentenced by the district court for 210 months imprisonment and 3 years supervised release.

A timely appeal was taken to the First Circuit Court of Appeals and denied then.

Petitioner soyght petition pursuant to 28 USC §2255 and the district court denied the petition.

## FACTUAL HISTORY

This involved in allegedly two seperate transactions of drug sale 28.10 grams of powder Cocaine and 23 plastic viles empty allegedely for the use of crack cocaine, which were estimated by the dectective to be a total of 2.9 grams of Crack Cocaine.

The district court relied on the detective statement as to the weight and value of the cocaine powder and speculative as to the plastic viles and its potential value.

The district Court adopted the PSR report and sentence the

petitioner based on that he is qualified as a career Offender under the guidelines pursuant to U.S.S.G. §4B1.1, at that time the Guidelines were binding on the court under the mandatory guidelines system that later on proved to be unconstitutional in light of the recent Supreme Court rulings in Apprendi, Jones, Blakely, and Booker.

Had the guidelines were not mandatory petitioner's sentence would have been 33 months of imprisonment.

## I - CONSTITUTIONAL ERROR

In the case at bar, petitioner maintains that his Sixth Amendment right at Sentencing was violated. Petitioner's Collateral review was before Apprendi, but before Blakely and Booker, were decided. During that time the First Circuit explicitly held that Apprendi, did not apply to the Federal Sentencing guidelines or even has any effect, so long the sentence imposed does not exceed the Statutory maximum as set forth in the United States Code.

Indeed, even after Blakely, was decided, the First Circuit declined to apply Apprendi or Blakely to the Federal Sentencing guidelines ( holding that absent a Supreme Court decision to the contrary, Sixth Amendment does not require that every enhancement factor under the Sentencing guidelines be pleaded and or proven to a jury beyond a reasonable doubt). Until Booker was decided. United States v. Crosby, 397 F.3d 102 (2005) ( changing its position on the applicability of Apprendi and its progeny to the federal guidelines in light of Booker,).

Hence, binding First Circuit precedent in effect when petitioner's Collateral review was submitted unequivocably refused to recognize " the Sixth Amendment right against the application of the guidelines." Halbert, 125 S.Ct. at 2604 n.2 (Thomas J., dissenting). That right, which is the subject of petitioner's motion under §2255, was not "recognized" in the First Circuit on his direct appeal. Therefore, review is warranted herein

because the judgment of the District Court was based on the preponderance of the evidence and its contrary to the Supreme Court's decision in Halbert, 125 S.Ct. 545 U.S.(2005).

First Circuit precedent in effect when petitioner's habeas Corpus §2255 raised Apprendi, held that the Statutory maximum for Apprendi purposes was the maximum sentence in that Statute, however, in Blakely, the Supreme Court interperted the term the " Statutory maximum" for Apprendi purpose, as the"maximum sentence a judge may impose solely on the basis of facts reflected in the jury verdict or admitted by the defendant." Blakely, 124 S.Ct. 2537 (emphasis in original). The "Statutory maximum" in Blakely was found in the mandatory Sentencing guidelines. [3]

---

* 3 notwithstanding, the First Circuit held that Blakely does not apply to the federal sentencing guidelines and continued to rely on its post apprendi interpertation of " statutory maximum" until after Booker. Changing its longstanding position on the applicability of Apprendi and its progeny to the federal sentencing guidelines in light of Booker.

Under Blakely's interpertation of the Statutory maximum, petitioner was sentenced above the mandatory sentencing guidelines scheme, based on facts found by the probation officer and adobted by the district Court at sentencing, but were not admitted by the petitioner or charged in the indictment and found by the jury beyond the reasonable doubt. Without said enhancement, petitioner's sentence would be 33 months of imprisonment based on the drug amount in the charging document. As such, petitioner received a sentence in excess of the Statutory maximum for Apprendi purpose under the mandatory guideline sentence scheme.

Petitioner maintaines that his mandatory guideline sentence, which was based upon facts neither charged in the indictment nor admitted by the defendant is in violation of the Supreme Court's teachings in Jones, Apprendi, Blakely, and now Booker. Based upon the facts charged in the indictment petitioner's sentence would have been 33 months. However, the district court sentenced the petitioner under 4B.1.1(C) Career offender and petitioner received a sentence of 210 months in which is 7 times more than what he should have received which was imposed under the mandatory guidelines scheme *4

*4 It is well settled law that resentencing is required whenever a sentence is based at least " in part upon misinformation of a Constitutional magnitude." U.S.A. v. Tucker, 404 (1972).

## 2. STATUTORY ERROR

In Booker, the Supreme Court ruled that Sentencing Courts must consider the factor set forth in 18 U.S.C.§3553 (a) in crafting a reasonable sentence. In the case at hand, the District Court did not take in consideration any of the §3553(a) factors, which is a requirement Post-Booker. see Booker, 125 S.Ct at 757. Thus, even in the absence of Constitutional error, Booker error exists where the district court imposes a sentence under a mandatory Guidelines system. United States v. Shelton, 400 F3d 1325, 1329-30 (11th Cir.2005). The district Court sentenced petitioner under a mandatory guidelines system, thus Statutory error exists. see Id."Booker Statutory errors...are subject to the less demanding test that is applicable to non-constitutional errors." "A non-constitutional error is harmless if , viewing all proceedings in their entirety, a Court determines that the error did not affect the sentence, or had but a very slight effect. If one can say with fair assurance... that the sentence was not substantially swayed by the error." (internal quotation marks and brackets ommitted).

In petitioner's case, it is clear that the eror complaind of, did contribute to petitioner's sentence. Petitioner was enhanced under U.S.S.G. 4B1.1(C), the sentence exceeded the guideline range with regards to facts that actually were never charged in the indictment or concented by the parties.

Petitioner's sentence without the enhancment should have been 33 months. However, because the enhancment petitioner's sentence was 210 months 7 times than the statutory maximum.

Petitioner should be resentenced in accordance with the United States v. Booker, 125 S.Ct 738(2005). Additionally, by imposing a mandatory Guidelines Sentence, the district Court, even it it had taken tnto consideration those additional Statutory factors, still violates petitioner's Statutory rights.

Petitioner has invoked his constitutional and Statutory rights to be sentenced on facts charged in the indictment.

The trial Court's imposition of an enhanced sentence of 177 months (more than 7 times the statutory maximum) based upon aggravating factors not found by the jury, but judicially determind under the preponderance of the evidence standard, is precisely the kind of " tail wagging the dog" sentence which the Supreme Court found objectionable in Booker, and was the basis for severing and excising §3553(b)(1).

WHEREFORE, Petitioner prays that this Court grant the vactio of his unlawfull sentence and be resentenced accordance with the applicable laws.

On December 29,2005

x JACINTO MORALES

JACINTO O. MORALES
03637-070
FCI, Elkton Ohio
P.O.Box 10
Lisbon, Ohio 44432

CERTIFICATE OF SERVICE

I hereby certify that one true and correct copy of this motion has been served on the Assistant United States Attorney's office at 10 Dorrance Street. Providence, RI 02903, By U.S. first class mail prepaid and deposited at the institutional mail box at FCI, Elkton Ohio.

On December 29, 2005

x JACINTO MORALES

JACINTO MORALES