CA06-045

# United States Court of Appeals
## For the First Circuit

---

No. 06-1135

FILED IN CLERKS OFFICE
US COURT OF APPEALS
2006 MAY -8 A 10: 14

JACINTO O. MORALES,

Petitioner,

v.

UNITED STATES,

Respondent.

---

Before

Selya, Circuit Judge,
Campbell, Senior Circuit Judge,
and Lipez, Circuit Judge.

---

JUDGMENT

Entered:May 8, 2006

Petitioner, Jacinto O. Morales, applies for leave to file a second or successive habeas petition pursuant to 28 U.S.C. § 2255. He wishes to file a 2255 petition in which he will argue that his sentence violates a newly recognized rule of constitutional law--namely, the rule recognized in United States v. Booker, 125 S.Ct. 738 (2005). Petitioner assumes that he has made the required "prima facie showing," 28 U.S.C. § 2244(b)(3)(C); id. § 2255(¶8), that the Supreme Court has made the rule in Booker retroactive to cases on collateral review. See id. § 2255(¶8)(1). We disagree. Booker has not yet been made retroactive. See Cirilo-Munoz v. United States, 404 F.3d 527, 533 (1st Cir. 2005).

Though we could deny leave on that ground, we construe his pro se application as additionally requesting that we hold in abeyance the requirement that he show Booker's retroactivity and that we permit him to file his petition in the district court for preservation purposes only. We have adopted this liberal construction when interpreting other applications that somewhat

resemble this one. Consistent with our ultimate adjudication of those other applications, we conclude that the stay and abeyance procedure is inappropriate here.

In Rhines v. Weber, 161 L. Ed. 2d 440, 452 (2005), the Supreme Court held that a similar stay and abeyance procedure is, in certain circumstances, an appropriate exercise of district court discretion when considering a "mixed" petition for habeas corpus relief, in which a state prisoner presents a federal court with a single petition filed pursuant to 28 U.S.C. § 2254 containing some claims that have been exhausted in the state courts and some that have not. The circumstances under which this procedure is appropriate, however, are not present here. While a state court proceeding concerning unexhausted claims will end within a reasonably predictable time frame, there is no way to know whether the Court will ever make Booker retroactive or whether Congress will ever amend section 2255 (¶6)(3). Therefore, the district court here would be unable to meet the Antiterrorism and Effective Death Penalty Act's (AEDPA) requirement that stay and abeyance procedures have reasonable time limits. See Rhines, 161 L. Ed. 2d at 452 ("Even where stay and abeyance is appropriate, the district court's discretion in structuring the stay is limited by the timeliness concerns reflected in AEDPA. A mixed petition should not be stayed indefinitely. . . . Thus, district courts should place reasonable time limits on a petitioner's trip to state court and back.").

Accordingly, we deny petitioner's application and terminate this proceeding.

So ordered.

By the Court:

Richard Cushing Donovan, Clerk.

By: [signature]
Chief Deputy Clerk.

[cc: Jacinto O. Morales, Zachariah Chafee, AUSA, Donald Lockhart, AUSA]